NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2137
_____

YUNUS EMRE GOKSEN,

Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA


_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(BIA-1 : A201-938-554)
Immigration Judge:  Jason L. Pope
_____

Submitted under Third Circuit L.A.R. 34.1(a)
February 9, 2021

BEFORE:  CHAGARES, SCIRICA, and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed:  March 24, 2021)
_____

OPINION*
_____

COWEN, <u>Circuit</u> <u>Judge</u>.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Yunus Emre Goksen petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from the order of the Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We will deny his petition for review.

I.

Goksen is a Turkish citizen who was charged with being removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I). He conceded the charge against him and applied for asylum, withholding of removal, and protection under the CAT. "As summarized in the [IJ's] decision, [Goksen] presented a claim based upon fear that he could be subjected to persecution and torture in connection with the failed coup attempt against the Erdogan government ([AR46-AR48; AR109-AR143; AR395-AR406])." (AR3.) Specifically, he claimed he would be persecuted based on his political opposition to the Erdogan regime as well as his membership in four particular social groups: (1) sons of Turkish military members accused of involvement in the coup attempt; (2) sons of Turkish military members who served in North Atlantic Treaty Organization forces; (3) individuals accused of being members of the Izmet or Gulen political opposition movement; and (4) former students of shuttered Turkish military high schools.

Following the hearing, the IJ denied Goksen's requests for relief. Although he determined that Goksen failed to establish a well-founded fear of future persecution, the IJ did find three of the proposed particular social groups were cognizable (namely sons of Turkish military officers who were accused of plotting the coup, individuals accused of being members of the Izmet or Gulen movement, and former members of the shuttered

2

Turkish military high schools). Goksen then filed an administrative appeal to the BIA, but his appeal was dismissed.

In addition to affirming the IJ's finding that Goksen did not suffer any past harm rising to the level of persecution, the BIA determined that Goksen "has not shown that there is a reasonable basis for his belief that he will be persecuted when he returns to Turkey." (AR5) Because he failed to meet the burden of proof for asylum, the BIA determined that Goksen could not show the clear likelihood of persecution required for withholding of removal. Noting that he did not establish he was tortured in the past and that neither Goksen nor his family were harmed after his father was imprisoned, the BIA agreed that his fear of torture in the future was speculative, and it did not find the IJ's determination concerning the likelihood of torture to be clearly erroneous.

## II.

There was substantial evidence in the record to support the agency's finding that Goksen "did not establish an objectively reasonable well-founded fear of future harm on account of his political opinion or membership in his proposed social groups."[1] (AR4 (citing AR52-AR55; 8 C.F.R. § 1208.13(b)(2)).) According to Goksen, the BIA "incorrectly required Petitioner [to] show that he was individually persecuted and[/]or to

---

[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's decision as well as the IJ's decision to the extent the BIA adopted the IJ's findings or reasoning. See, e.g., Singh v. Attorney General, 839 F.3d 273, 282 (3d Cir. 2016). We review the agency's factual findings for substantial evidence, and, under this deferential standard, we may reverse only if any reasonable adjudicator would be compelled to conclude to the contrary. See, e.g., 8 U.S.C. § 1252(b)(4)(B); INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004).

show that he was 'similarly treated' as those persons in a similar situation." (Petitioner's Brief at 8.) However, "[t]he crux of his argument is that he will either be harmed because he was a student of a military academy, or because his father was convicted for alleged involvement in the 2016 coup attempt." (Respondent's Brief at 13.) Accordingly, the BIA appropriately observed that two of the four proposed social groups were based on family ties shared by other family members and that his argument on appeal was based in part on the allegation that the Erdogan government has continued to target the family members of alleged coup plotters. (See, e.g., AR14 (citing to report showing "collective punishment targeting family members of individuals suspected of offenses under the state of emergency").) Although his family "experienced difficulty finding housing after his father was arrested," no family members "were threatened or harmed in connection with his father's prosecution, or because [Goksen] had attended a subsequently shuttered military high school." (AR3.) "Moreover, [Goksen's] mother was able to obtain employment after his father's arrest, and she has remained unharmed." (Id.) Furthermore, the BIA appropriately determined that his claim based on social groups relating to attendance at a military high school was "undermined by the absence of any harm to [Goksen] while other former attendees, including one who was the son of [a] military officer, were arrested and detained." (AR5.) Goksen, while he was the target of bullying on the part of his classmates, was, as the BIA noted, able to remain in Turkey "for three years without being arrested or detained, suggesting that his membership in those social groups does not place him at increased risk at harm." (Id.)

Goksen also argues that the BIA failed to analyze his "imputed" political opinion

4

and membership in a particular social group. See, e.g., Lukwago v. Ashcroft, 329 F.3d 157, 181 (3d Cir. 2003) (stating that imputed political opinion is political opinion attributed to applicant by persecutor and that persecution may be on account of such imputed opinion). However, the BIA clearly did consider the issue of imputation, expressly agreeing with the IJ that Goksen's fear of future persecution relating to "actual or perceived" political opinion was not objectively reasonable. (Id.) In addition to upholding the IJ's finding that Goksen did not publicly express his anti-Erdogan opinion in Turkey, the BIA explained that there was "no indication in the record that the Erdogan government is aware of his opinion, or interested in harming him for that reason." (Id.) We do not see how the government could engage in persecution based on an imputed opinion where it has no apparent interest in harming the petitioner because of any opinion, imputed or otherwise.

Finally, Goksen argues that the BIA "erred in denying Petitioner protection under the convention against torture without analyzing the immigration judge's legal determinations and faulty factual inferences." (Petitioner's Brief at 8.) However, the likelihood of what would happen in the future is a factual determination that the BIA reviews for clear error. See, e.g., Kaplun v. Attorney General, 602 F.3d 260, 268-73 (3d Cir. 2010). Relying on "the discussions previously stated," Goksen argues that "the IJ clearly committed error in analyzing Petitioner's claim of persecution by failing to correctly apply the similarly situated standard and concept [of] imputed political opinion and membership in a particular social group." (Id. at 14.) We have already rejected these assertions in connection with his asylum claim. Likewise, the BIA properly disposed of

the CAT claim on the grounds that Goksen's fear of future torture was merely speculative.  See, e.g., Denis v. Attorney General, 633 F.3d 201, 218 (3d Cir. 2011) (indicating that petitioner may not meet burden under CAT based on chain of assumptions and fear of what might happen rather than evidence that meets burden of demonstrating that it is more likely than not that he will be subjected to torture).

III.

For the foregoing reasons, we will deny Goksen's petition for review.